MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and –

Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| BEARINGPOINT, INC., et al., | : | 09 - 10691 (REG) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN DeGROOTE SERVICES, LLC, | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-01481 (REG) |
| IBM CREDIT, LLC, | : | |
| Defendant. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN DeGROOTE SERVICES, LLC, | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-01482 (REG) |
| IBM CORPORATION, | : | |
| Defendant. | : | |

------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING COMPLAINTS**
**AND CLAIM OBJECTIONS FILED BY THE BEARINGPOINT, INC. LIQUIDATING**
**TRUSTEE AGAINST IBM CREDIT, LLC AND IBM CORPORATION**

IBM Credit, LLC ("**IBM Credit**"), IBM Corporation ("**IBM Corporation**," together with IBM Credit, "**IBM**") and John DeGroote Services LLC (the "**Liquidating Trustee**"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "**Liquidating Trust**") on behalf of BearingPoint, Inc. ("**BearingPoint**") and, together with IBM, (the "**Parties**"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "**Stipulation**").

**RECITALS**

A. On February 18, 2009 (the "**Petition Date**"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "**Debtors**") filed voluntary petitions for relief under Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 09-10691 (REG).

B. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "**Plan**"). The Plan has become effective by its terms.

C. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("**Trust Agreement**"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in these lawsuits.

D. Prior to the Petition Date, on April 31, 2008, BearingPoint and IBM Credit entered into a Software/Services Financing Agreement (the "*Financing Agreement*"). Under the Financing Agreement, IBM Credit financed BearingPoint's purchase of third-party software from SAP. IBM Credit provided financing to BearingPoint for $2,000,000 to purchase one SAP SFW License and $255,000 to purchase one year of SAP Maintenance. The Financing Agreement required BearingPoint to pay IBM Credit: (i) $563,750 on April 1, 2008, (ii) $1,127,500 on January 1, 2009, and (iii) $563,750 on January 1, 2010. BearingPoint made the payment due January 1, 2009 on January 9, 2009, within the 90 day preference period (the "*Preference Period*").

E. Under various agreements, IBM Corporation provided BearingPoint various software applications and platforms and professional services. From time to time, BearingPoint would also reimburse IBM for travel expenses. During the Preference Period, BearingPoint made the transfers to IBM Corporation pursuant to the agreements totaling $534,163.

F. On February 14, 2011, the Liquidating Trustee filed its *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (as amended, the "*IBM Credit Complaint*") against IBM Credit, alleging that during the Preference Period, IBM Credit received payments totaling $1,127,500, which the Liquidating Trustee contends constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "*IBM Credit 90 Day Payments*").

G. On February 14, 2011, the Liquidating Trustee filed his *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (as amended, the "*IBM Corporation Complaint*") against IBM Corporation, alleging that during the Preference Period, IBM Corporation received payments totaling $534,163, which the Liquidating Trustee claims

constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "*IBM Corporation 90 Day Payments*").

H. During the bankruptcy proceedings, IBM Credit filed Proof of Claim No. 31 ("*Claim 31*") asserting a general unsecured claim in the amount of $563,750.00. IBM Corporation filed (i) Proof of Claim No. 1040 ("*Claim 1040*") asserting a general unsecured claim in the amount of $15,569.64 and (ii) Proof of Claim 1041 ("*Claim 1041*") asserting a general unsecured claim in the amount of $288,657.[1]

I. On April 21, 2011, the Parties held a successful mediation before Michael Sutherland, Esq. of Carrington, Coleman, Sloman & Blumenthal, L.L.P. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount payable by IBM to the Liquidating Trust that resolves the Complaints and claim objections and serves as a global settlement between the Liquidating Trustee and IBM.

---

[1] These claims superseded other claims filed by IBM Corporation, which were subsequently expunged by Court order.

## STIPULATION AND ORDER

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. Each of the undersigned attorneys represents and warrants that he has all necessary authority to enter into this Stipulation on behalf of the Party indicated.

3. Within 16 business days of the date the Bankruptcy Court's order approving this Stipulation becomes final and non-appealable (the "***Payment Deadline***"), IBM shall pay to the Liquidating Trust by wire transfer or check a settlement payment totaling $850,000 (the "***Settlement Payment***"); provided, however, that if IBM elects to pay by check, it shall mail the check by certified mail, so as to be received on or before the Payment Deadline, to:

> BearingPoint Liquidating Trust
> Attn: Matt Mastin
> 270 Peachtree St, Suite 800
> Atlanta, GA 30303

4. Upon the Settlement Payment, the Liquidating Trustee will deliver a letter to IBM withdrawing certain allegations made during the course of litigation, the wording of such letter in a form mutually agreed upon by the parties.

5. Claim No. 31, Claim No. 1040, and Claim No. 1041 are hereby allowed in the amount of $10,000 each.

6. Except for the rights specifically enumerated herein, IBM forever releases and discharges the Debtors, the Liquidating Trustee, and the Liquidating Trust and their successors and predecessors-in-interest, parents, subsidiaries, affiliates, agents and assigns, and each of their

respective assigns, heirs, agents, directors, officers, trustees, employees, managers, legal counsel, accountants, representatives of any kind (each in their capacity as a representative of the Debtors, the Liquidating Trustee, or the Liquidating Trust, as the case may be) from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on or prior to the date of this Agreement that arise out of the same operative facts as the IBM Credit Complaint or IBM Corporation Complaint (including but not limited to all claims for avoidance and recovery of preferential transfers, and actions arising under 11 U.S.C. § 502(d)), Claim 31, Claim 1040, or Claim 1041 that IBM now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity.

7.  Upon the Liquidating Trust's receipt of the Settlement Payment, the Liquidating Trustee and the Liquidating Trust shall dismiss the IBM Credit Complaint and IBM Corporation Complaint with prejudice and agree not to bring any future proceedings against IBM, except in the event IBM breaches this Agreement.

8.  Upon the Liquidating Trust's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, the Debtors, the Liquidating Trust and the Liquidating Trustee forever release and discharge IBM Credit and IBM Corporation and their successors and predecessors-in-interest, parents, subsidiaries, affiliates, agents and assigns, and each of their respective assigns, heirs, agents, directors, officers, trustees, employees, managers, legal counsel, accountants, representatives of any kind (each in their capacity as a representative of IBM) from

any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, including without limitation any claim under Chapter 5 of the Bankruptcy Code, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on or prior to the date of this Agreement specifically that arise out of the same operative facts as the IBM Credit Complaint or IBM Corporation Complaint (including but not limited to all claims for avoidance and recovery of preferential transfers, and actions arising under 11 U.S.C. § 502(d)), Claim 31, Claim 1040, or Claim 1041 that the Debtors, the Liquidating Trust or the Liquidating Trustee now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity, including without limitation the Debtors and their respective estates.

9. This Stipulation shall not be construed as an admission by any of the Parties of fault, liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault, liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

10. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the Adversary Proceeding and this Stipulation.

11. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

12. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee represents and warrants that, except for the transfer of claims from the Debtors to the Liquidating Trust under the Plan, neither the Debtors nor the Liquidating Trust has sold, transferred or assigned any of the claims or causes of action of the Debtors, the Liquidating Trustee or the Liquidating Trust against IBM.

13. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

14. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

15. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

16. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

17. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court.

18. This Stipulation shall be binding on the Parties from the date of its execution.

19. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation. The effective date of this Stipulation shall be the date of its execution by the last of the Parties.

By: /s/ Basil A. Umari                    By: /s/ J. Michael McBride
     Basil A. Umari                              J. Michael McBride

MCKOOL SMITH P.C.                         J. MICHAEL MCBRIDE, P.C.

*Attorneys for Liquidating Trustee*       *Attorney for IBM*

IT IS SO ORDERED.

Dated: New York, New York
       4/18/ 2011

                                             /S/ Robert E. Gerber
                                             THE HONORABLE ROBERT E. GERBER
                                             UNITED STATES BANKRUPTCY JUDGE